IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


OSCAR MARKS,                                                             PLAINTIFF

v.                                        Case No. 1:06-cv-1031

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                          DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Oscar Marks,  brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability, disability insurance benefits (DIB) under the provisions

of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under

the provisions of Title XVI of the Social Security Act (Act).

**1. Procedural Background:**

Plaintiff filed his applications for disability insurance benefits (DIB) and supplemental

security income (SSI) on March 26, 2002, alleging an inability to work since July 4, 2001. (T.

121-124, 160-163).[2]  Plaintiff's impairments included right leg swelling, kidney problems and

hypertension. (T.121-124).  Plaintiff's applications were denied initially and on reconsideration. (T.

53-65, 125-135).  Pursuant to Plaintiff's request, a *de novo* hearing  before an ALJ was held on

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "T."

1

October 8, 2003.   The Plaintiff, who was represented by counsel, testified as did a lay witness, and a vocational expert. (T. 173-204).  After considering all of the evidence of record, the ALJ rendered a decision on February 27, 2004, finding the Plaintiff was not disabled within meaning of the Act at anytime during the relevant time period. (T. 34-44, 136-146).  Pursuant to Plaintiff's request, the Appeals Council reviewed the ALJ's decision and remanded the case for further administrative proceedings on June 23, 2004. (T. 149- 152).   A supplemental administrative hearing was held on December 8, 2004, at which hearing Plaintiff, represented by counsel, appeared and testified. (T. 205-220).  The ALJ issued a decision on remand on July 22, 2005, finding that Plaintiff was not disabled within the meaning of the Act at anytime during the relevant time period. (T. 18- 27).  The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 9, 2006. (T. 5-7).

**2. Applicable Law:**

        In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

2

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her

disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See*

42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the

familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the

Commissioner to prove that there are other jobs in the national economy that the claimant can

perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

3

Case 1:06-cv-01031-BAB   Document 10   Filed 04/24/07   Page 4 of 10 PageID #: 41

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner claiming he is not disabled.  He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and the ALJ should have used a Vocational Expert ("VE") at the hearing.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski* and the ALJ was not required to obtain the  testimony of a Vocational Expert.

**A. *Polaski* Analysis**

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credible.    The Plaintiff  asserts the ALJ performed an improper *Polaski* evaluation.  The Defendant argues the ALJ's credibility determination is entitled to deference by this Court and there is substantial evidence in the record to support that determination.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  These five *Polaski* factors  must be analyzed in light of the claimant's subjective complaints of pain and discomfort.  The factors are: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions.  *Id.* at 1322.  The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant.  *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

4

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).   I find the ALJ made such analysis and that the ALJ's decision is supported by substantial evidence.

A review of the record of treatment Plaintiff has received is inconsistent with his claim of disability. The record reflects Plaintiff has received no medical treatment since his alleged onset date of July 4, 2001. (T. 102-114, 117-120, 169- 172). The Plaintiff's apparent total lack of medical treatment during the relevant time period compromises his claim of disabling conditions. An  ALJ may discount subjective complaints based upon a failure to pursue regular medical treatment. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

The Plaintiff was diagnosed with arthritis prior to the alleged onset date.  This diagnosis was made and treated by Dr. Dan Martin, in September 2000, with a complaint of pain in the ankle. (T.106).  Plaintiff was diagnosed with arthritis and given a prescription for Vioxx. (T. 106).  The record shows no further medical treatment until May 2002, when the Plaintiff underwent a consultive physical examination by Dr. Jerry Grant. (T. 107-114).

Dr. Grant's consultative examination of Plaintiff on May 30, 2002, (T. 107-114), showed Plaintiff to have normal range of motion of the spine without evidence of muscle spasms. Plaintiff also had normal range of motion of most extremities without evidence of heat or swelling. There was minimal limitation of range of motion of the knees (125 out of 135 degrees) and ankles (45 out of 50 degrees). Cranial nerves were grossly intact, and there was no muscle weakness, muscle atrophy,

or sensory abnormality. Gait and coordination were normal. On limb function testing, Plaintiff's grip strength was measured at 80 percent, but Plaintiff was noted to have given poor effort on opposing thumb to fingers. Plaintiff was able to stand and walk without an assistive device, and could walk on heel-toes. Plaintiff was again noted to have given poor effort on squatting and arising. Dr. Grant concluded that Plaintiff could sit, stand, walk, carry objects, hear, speak, and travel without significant limitation. (T. 107-114).

The ALJ also noted the record shows no subsequent treatment between the examination of Dr. Grant in May 2002, until the consultive orthopedic examination of Dr. William Blankenship, performed in December 2004. (T. 169-172). Dr. Blankenship found the Plaintiff to have "slight" effusion in both knees; knee and ankle jerks were normal, active, and equal bilaterally; straight leg raising was negative; and there was no weakness of the anterior tibialis, extensor hallucis longus, short toe flexors, or peroneals on either side. The Plaintiff's range of motion was normal except for knee flexion at 135 of 150 degrees, and ankle dorsi-flexion at 10 of 20 degrees. X-rays of the Plaintiff's knees demonstrated degenerative arthritis.

Dr. Blankenship's impressions were degenerative arthritis of the knees and history of low back pain. Dr. Blankenship further assessed Plaintiff as having the ability to lift/carry up to 50 pounds frequently and 100 pounds occasionally, and to sit, stand, or walk eight hours in an eight-hour workday. Dr. Blankenship further found Plaintiff capable of frequent simple grasping, fine manipulation, handling objects, pushing/pulling/operating controls with his hands or feet, reaching, balancing, and crawling. Dr. Blankenship also found Plaintiff could occasionally climb, stoop, crouch, and kneel. (T. 169-172). The medical and functional evaluations by Drs. Blankenship and Grant, the only ones of record based upon medical findings during the relevant time period, fully

6

support the ALJ's credibility finding.

Plaintiff suggests this lack of treatment is due to lack of finances on the part of Plaintiff. There is no evidence in the record that Plaintiff was unable to afford medical treatment or unable to obtain low-cost treatment from a physician, hospital or clinic. The record simply reflects that Plaintiff did not attempt to seek medical treatment. *See Murphy v. Sullivan*, 953 F.2d 383, 386-387 (8th Cir. 1992) (there is no evidence that the claimant sought low-cost medical treatment or that she was denied medical care because of her financial situation).

As discussed above, Plaintiff has received little if no treatment for his alleged conditions. Although he indicates receiving prescription medication from Dr. Martin and Dr. David Desoto, there is no medical record showing any of this. Further, there is no record of Plaintiff being examined or treated by Dr. Desoto.

The ALJ in assessing Plaintiff's credibility also noted Plaintiff's admitted noncompliance with his recommended medication for hypertension. Plaintiff admitted to Dr. Grant on May 30, 2002, that he was noncompliant with his hypertension medication. In fact, Plaintiff reported to Dr. Grant that he was taking no medications at that time. (T. 107). The failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 902 (8th Cir. 2005).

The ALJ further noted Plaintiff's inconsistent work history, which showed good earning one year, followed by poor earnings the next year. (T. 164). Such a work record may indicate a lack of motivation to return to work. *See Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) (a lack of work history may indicate a lack of motivation to work rather than a lack of ability).

7

The ALJ also addressed the Plaintiff's ability to perform daily activities.  The Plaintiff testified that he was able to perform very few activities.  However, as found by the ALJ, even Plaintiff's treating physician, Dr. Martin, found Plaintiff able to work up to seven hours per day and lifting up to twenty pounds occasionally. (T.117-120).

I find the ALJ properly evaluated Plaintiff's subjective complaints and discounted them for legally sufficient reasons. The limited medical evidence does not support Plaintiff's subjective complaints.  Further evidence to support the ALJ's findings are found in Plaintiff's noncompliance with his medication, sporadic work record and the functional assessments of the consultative examiners.

**B. Need for Vocational Expert Testimony**

Plaintiff argues  that due to the existence of nonexertional limitations, the ALJ was required to obtain the testimony of a VE in order to determine if there were jobs existing in significant numbers in the national economy which Plaintiff could perform.   Plaintiff contends he had significant nonexertional limitations of pain, fatigue, asthma, difficulty in performing manipulative or postural functions of work, and hypertension. I do not find Plaintiff's argument persuasive.

An ALJ may use the Medical-Vocational Guidelines (Guidelines) to find that a claimant is not disabled if the claimant does not have nonexertional impairments, or if the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed. *Holz v. Apfel,* 191 F.3d 945, 947 (8th Cir. 1999).

Although Plaintiff argues he suffers from asthma, he did not refer to any portion in the record where he suffers from asthma or has been diagnosed with this condition.

8

Plaintiff has been diagnosed with hypertension, but has admitted being non-compliant with his use of medication for this condition.  Failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 902 (8th Cir. 2005).

The only mention of Plaintiff suffering from "fatigue" is a lone reference in his testimony to being tired and fatigued. (T. 212).  He further indicated that this required the need to take a daily nap. (T. 212-213).   I do not find this to be substantial evidence to support a finding of Plaintiff suffering from fatigue.  Further I can find no medical evidence to support this finding.

Finally, Plaintiff argues he has significant nonexertional limitations of pain and  difficulty in performing manipulative or postural functions of work.  The ALJ  found Plaintiff retained the RFC for light work with occasional climbing, stooping, crouching, and kneeling. (T. 27, Finding No. 7). The ALJ, citing Social Security Ruling 85-15, properly found that the postural limitations of only occasional climbing, stooping, crouching, and kneeling do not significantly erode the occupational base of light, unskilled jobs, and therefore he correctly employed Medical-Vocational Rules 201.11 and 201.18 of the Guidelines to find Plaintiff "not disabled." (T. 26-27).

The ALJ's RFC finding is supported by the functional assessments of Drs. Grant and Blankenship, which in turn are supported by their examination findings.  Dr. Grant found Plaintiff could sit, stand, walk, carry objects, hear, speak, and travel without significant limitation. (T. 114). Dr. Blankenship found  Plaintiff had the ability to lift/ carry up to 50 pounds frequently and 100 pounds occasionally; to sit, stand, or walk eight hours in an eight-hour workday; to perform frequent simple grasping, fine manipulation, handling objects, pushing/pulling/operating controls with his hands or feet, reaching, balancing, and crawling; and to occasionally climb, stoop, crouch, and kneel.

(T. 171-172).

Therefore, the reliable medical assessments of record fully support the ALJ's RFC determination. Having properly discredited Plaintiff's subjective complaints, the ALJ was permitted to employ the Guidelines in this case to direct a conclusion of "not disabled." *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003).

## 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ.   Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **24th day of April, 2007.**

/s/  Barry A. Bryant
HON.   BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE